# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| RICHARD MCCONNELL, | * |
| | *    No. 18-1051V |
|          Petitioner, | *    Special Master Christian J. Moran |
| | * |
| v. | *    Filed: February 1, 2024 |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
|          Respondent. | * |

* * * * * * * * * * * * * * * * * * * *

Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pending before the Court is petitioner Richard McConnell's motion for final attorneys' fees and costs. He is awarded $45,263.50.

\*    \*    \*

On July 18, 2018, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the pneumococcal 13-valent conjugate vaccine he received

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

on August 1, 2016, caused him to develop Guillain-Barré syndrome. The parties submitted reports from their exports and argued their positions through legal briefs. On August 19, 2022, the undersigned issued his decision denying entitlement and dismissing the petition. 2022 WL 4008238.

On March 29, 2023, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $27,954.60 and attorneys' costs of $17,308.90 for a total request of $45,263.50. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On April 28, 2023, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds that he defers to the Court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case and, should the Court determine that the requirements have been met, exercise its discretion and determine a reasonable award. Id. at 2-3.

*   *   *

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful the undersigned finds that good faith and reasonable basis existed throughout the matter. Respondent has also not advanced any argument indicating that he believes good faith or reasonable basis were lacking in this claim. Respondent's position greatly contributes to the finding of reasonable basis. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

> A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following rates of compensation for the work of his counsel, Ms. Amy Senerth: $225.00 per hour for work performed in 2017, $233.00 per hour for work performed in 2018, $250.00 per hour for work performed in 2019, $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, and $350.00 per hour for work performed in 2022; The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what the undersigned has previously awarded to petitioner's counsel at Muller Brazil, LLP for her Vaccine Program work. See, e.g. Viner v. Sec'y of Health & Human Servs., No. 20-357V, 2022 WL 9790765 (Fed. Cl. Spec. Mstr. Sept. 30, 2022); Pavlicek v. Sec'y of Health & Human Servs., No. 19-1573V, 2022 WL 4115663 (Fed. Cl. Spec. Mstr. Aug. 12, 2022).

> B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the

undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable. Therefore, petitioner is awarded final attorneys' fees in the amount of $27,954.60.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $17,308.90 in attorneys' costs. Most of this amount ($16,610.00 is attributable to work performed by Dr. Frederick Nahm with the balance comprised of acquiring medical records, postage, the Court's filing fee, and travel costs to attend the fact hearing in New Jersey. These costs are reasonable and supported with the necessary documentation and shall be fully reimbursed. Dr. Nahm's work, however, requires additionally discussion.

Dr. Nahm's invoice reflects 33.22 hours billed at $500.00 per hour. This hourly rate is what has typically been found reasonable for Dr. Nahm's work in the Vaccine Program. See, e.g., Karapetian v. Sec'y of Health & Human Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022). The hours billed are also broadly reasonable for the work performed in the instant case. Petitioner is therefore awarded the full amount of costs requested.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$45,263.50** (representing $27,954.60 in attorneys' fees and $17,308.90 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Amy Senerth.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master